# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JEREMY VAUGHN PINSON,           )
                                )
    Plaintiff,                  )
                                )
-vs-                            )   Case No. CIV-15-0319-F
                                )
FNU PLEDGER, et al.,            )
                                )
    Defendants.                 )

## ORDER

On July 22, 2016, Magistrate Judge Bernard M. Jones issued a Report and Recommendation (the Report, doc. no. 61) in this action, which is brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging violations of certain constitutional rights. Plaintiff appears *pro se* and his pleadings are liberally construed.

After a detailed description of the procedural history of this action as well as plaintiff's status as a "three-striker" who is subject to sanctions under the Prison Litigation Reform Act (PLRA), the Report finds that plaintiff has failed to show imminent danger of serious physical injury with the result that plaintiff does not come under the exception of 28 U.S.C. § 1915(g).[1] That exception to the three-strikes rule provides that the privilege of proceeding in forma pauperis is eliminated if a plaintiff has three strikes, unless the prisoner is under imminent danger of serious physical injury. The Report finds that plaintiff has failed to raise a credible allegation that

---

[1]There is no dispute that plaintiff is a frequent filer. As stated in the Report, doc. no. 61, p. 5 (and see nn. 3-6), a review of PACER Service Center's U.S. Party/Case Index reflects that since 2006, plaintiff has filed over 140 civil actions, including more than sixty prisoner's rights cases under 42 U.S.C. § 1983.

plaintiff is in imminent danger of serious physical harm, and that plaintiff does not come under the exception.

The Report therefore recommends that the United States' Motion to Revoke Plaintiff's In Forma Pauperis Status (doc. no. 26) be granted; that plaintiff's in forma pauperis status be revoked; and that the current Order to Agency Having Custody of Plaintiff for Payment of Inmate Filing Fee (doc. no. 60) be vacated. The Report further recommends that if plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of the date of any order adopting the Report, this action be dismissed without prejudice to refiling pursuant to LCvR3.3(e). The Report observes that if the Report is adopted and plaintiff fails to pay the filing fee in full, the motions at doc. nos. 27, 45, 49, 53, 54, 56 and 57 will be moot. Doc. no. 61, p. 12, n.10.

Plaintiff filed a Motion for Extension To Object to Doc. no. 61, stating that plaintiff did not receive the Report because plaintiff was in transit. Doc. no. 64. Plaintiff's motion for an extension of time within which to object to the Report is **GRANTED** for good cause shown.

Plaintiff's Objection to the Report and Recommendation (doc. no. 65) is timely under the extension granted above, and those objections have been considered *de novo*. Plaintiff's objections primarily consist of arguments: that the Report improperly assumes the truth of government exhibits, which are contested by the plaintiff in plaintiff's sworn version of events; that plaintiff has demonstrated imminent danger so as to come within the exception to the three-strike rule; and that plaintiff will appeal any revocation of in forma pauperis status and that this case should be stayed while plaintiff makes arrangements for payment of the filing fee.

Having considered plaintiff's objections, the court concludes that they are not meritorious and that there is nothing to be gained from further discussion of them here.

Plaintiff's objections are **DENIED**, and the Report and Recommendation of the Magistrate Judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**.

As recommended in the Report, the United States' Motion to Revoke Plaintiff's In Forma Pauperis Status (doc. no. 26) is **GRANTED**; plaintiff's in forma pauperis status is **REVOKED**; and the current Order to Agency Having Custody of Plaintiff for Payment of Inmate Filing Fee (doc. no. 60) is **VACATED**.

In addition, as recommended in the Report, the court orders that if plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of the date of this Order, this action will be dismissed without prejudice to refiling pursuant to LCvR3.3(e).

For now, the motions which the Report notes will be moot if the Report is adopted and if plaintiff fails to pay the filing fee, continue to pend. *See,* doc. no. 61, p. 12, n.10, listing motions found at doc. nos. 27, 45, 49, 53, 54, 56 and 57.

Dated this 30th day of August, 2016.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

15-0319p001.wpd